No. 56,680

ANCO CONSTRUCTION COMPANY, LTD., A Corporation, *Appellee*, v.
JERRY FREEMAN, *Appellant*.
(693 P.2d 1183)

Opinion filed January 26, 1985.

*Steven M. Dickson,* of McCullough, Wareheim & LaBunker, of Topeka, argued the cause and was on the brief for the appellant.

*Richard D. Anderson,* of Colmery, McClure, Letourneau, Entz & Merriam, P.A., of Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This action commenced as one for defamation by Anco Construction Company (Anco) against Jerry Freeman. Freeman counterclaimed for retaliatory discharge. The defamation action was dismissed by agreement. The trial court then dismissed the counterclaim for lack of jurisdiction. Freeman appealed.

Jerry L Freeman was hired by Anco Construction Company on September 23, 1982, to work as a general laborer on the Allied Health Center project at Washburn University in Topeka. On November 12, 1982, Freeman was discharged from his employment with Anco. On December 21, 1982, appellant told the architect responsible for the construction of the Allied Health Center that he had information concerning substandard work at the Allied Health Center. He stated that, in order to prevent a tragedy similar to the Kemper Arena roof collapse and the Hyatt Regency Hotel disaster, he would reveal the information concerning the substandard work for $75,000.

On January 11, 1983, Anco filed this action claiming damage to reputation and punitive damages and demanding the immediate disclosure of all information pertaining to any substandard work at the Allied Health Center project.

Appellant filed a counterclaim alleging he was discharged, in violation of public policy, in retaliation for his objecting to the pay scale. The basis for appellant's counterclaim is that he complained to Anco concerning its employees not being paid Davis-Bacon wages and he was discharged in retaliation. Appellant admits, however, he did not speak with Anco concerning the wage issue until after his termination.

The parties stipulated to a dismissal of all claims except the retaliatory discharge. On January 11, 1984, the district court dismissed the retaliatory discharge counterclaim, holding it lacked subject matter jurisdiction to hear the action since the claim was preempted by the exclusive jurisdiction of the National Labor Relations Board (NLRB).

Appellant argues on appeal the district court erred in ruling its jurisdiction was preempted.

With few exceptions, we have recognized that state law is preempted by the National Labor Relations Act (NLRA) from regulation of labor-management disputes. See *Whelan's Inc. v. Kansas Dept. of Human Resources,* 235 Kan. 425, 681 P.2d 621 (1984); *Inland Industries, Inc. v. Teamsters & Chauffeurs Local Union,* 209 Kan. 349, 496 P.2d 1327 (1972); and *Hyde Park Dairies v. Local Union No. 795,* 182 Kan. 440, 321 P.2d 564 (1958). The exceptions have developed through the use of various tests which help courts determine whether state regulation conflicts with federal jurisdiction. See *Farmer v. Carpenters,* 430 U.S. 290, 51 L.Ed.2d 338, 97 S.Ct. 1056 (1977); *San Diego Unions v. Garmon,* 359 U.S. 236, 3 L.Ed.2d 775, 79 S.Ct. 773 (1959); *Whelan's Inc. v. Kansas Dept. of Human Resources,* 235 Kan. 425; and *Reece Shirley & Ron's, Inc. v. Retail Store Employees Union & Local 782,* 225 Kan. 470, 592 P.2d 433 (1979). Thus, we must determine here whether state jurisdiction has been preempted.

The test to determine if NLRB jurisdiction preempts an activity in labor relations is whether it is subject to sections seven or eight of the NLRA. See *Whelan's Inc. v. Kansas Dept. of Human Resources,* 235 Kan. at 429. Sections seven and eight of the NLRA cover both "concerted activities" and "unfair labor practices." Appellant initially argues an employee who continually petitions management for higher wages and better working conditions is not protected by the NLRA because he is not engaged in concerted activity. See *N. L. R. B. v. Meinholdt Manufacturing, Inc.,* 451 F.2d 737 (10th Cir. 1971). His argument ignores the possibility that retaliatory discharge might be an unfair labor practice although not a concerted activity. If so, it falls under the auspices of the NLRB.

Under the NLRA, an unfair labor practice results when an employer interferes with, restrains, or coerces an employee in the exercise of rights guaranteed under the NLRA. See 29 U.S.C. 158(a)(1) (1982). It is well established that an employee is guaranteed the right to protest wages, as was allegedly done in this case, under the NLRA. *Cf. Labor Bd. v. Washington Aluminium Co.,* 370 U.S. 9, 8 L.Ed.2d 298, 82 S.Ct. 1099 (1962). Therefore, the NLRA clearly protects and covers the alleged

retaliatory discharge as an unfair labor practice in this case since it involved a wage dispute covered by the NLRA.

Appellant further argues, under the theory propounded in *Murphy v. City of Topeka,* 6 Kan. App. 2d 488, 630 P.2d 186 (1981), that his assertion of his wage rights requires state jurisdiction since it is an assertion of an important public policy, which under State law is an exception to the employment-at-will doctrine.

The employment-at-will doctrine in Kansas stems from the judicial determination that, in the absence of a contract covering the duration of employment, the employment is terminable at the will of either party, and the employee has no cause of action by alleging he was discharged. See *Mildfelt v. Lair,* 221 Kan. 557, 563, 561 P.2d 805 (1977).

In *Murphy,* the Court of Appeals recognized a limited public policy exception to this employment-at-will doctrine. The court held where an employee alleged he was terminated in retaliation for filing a workers' compensation claim, a cause of action in tort for retaliatory discharge was stated. The court reasoned the workers' compensation remedy was designed to advance an important state interest, and the purpose of the act would be thwarted if an employer were permitted to discourage an employee's exercise of that statutory right.

The holding in *Murphy* is narrowly drawn. It applies only to interests protected by state law. Federal law, however, provides several exceptions to the employment-at-will doctrine. One of these is the right not to be terminated merely for protesting wages. Such a termination is an unfair labor practice. When an unfair labor practice is covered by federal law, federal jurisdiction under the NLRA precludes state jurisdiction. Such is the case here. This is not a state exception to the employment-at-will doctrine. No duty was imposed on Anco by state law. Rather, the duties imposed on Anco herein were imposed by federal law, *i.e.,* the NLRA.

Appellant also contends the retaliatory discharge is 'a tort, thereby remediable only by state law rather than an action covered by the NLRA. For support appellant cites *Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d 1367 (9th Cir. 1984), and *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 39 L.Ed.2d 147, 94 S.Ct. 1011 (1974).

*Garibaldi* involved an individual who was terminated after he reported a shipment of spoiled milk to health officers. The employee's supervisors had ordered the employee to deliver the milk regardless of the spoilage. The court held the action involved a violation of state public policy and therefore was a tort distinct from any contractual remedy the employee had under his collective bargaining agreement. Hence, the action was not preempted by federal labor law.

*Garibaldi* is distinguishable from this case. Here, as pointed out above, the public policy sought to be protected is one arising out of the NLRA which is federal rather than state law. Additionally, the action is not distinct from the employment contract; rather it involves an element of that contract, wages. Hence, there is no tort pled in this case since the alleged retaliatory discharge pertained to the employment contract.

In *Alexander,* also cited by appellant, the United States Surpeme Court held the plaintiff could pursue his remedy under Title VII of the Civil Rights Act even though he previously had submitted his grievance to arbitration under his collective bargaining agreement. Alexander had alleged in arbitration that he was discharged on the basis of race and the arbiter found he was discharged for cause. In holding that the separate Title VII action was allowed, the court reasoned that labor law did not preempt the application of Title VII in such cases because "Title VII was designed to supplement, rather than supplant, existing laws . . . ." 415 U.S. 36, 48-49. In the instant case, state labor law is clearly supplanted by the NLRA. Thus, the Supreme Court's application of a Title VII remedy in *Alexander* is not authority for the application of a state remedy in this case.

The final issue raised is that, even if his activity falls under the NLRA, appellant is no longer covered under the Act because he obtained equivalent employment since his discharge from Anco. The basis for this argument is that the NLRA only covers those who qualify as employees. Pursuant to 29 U.S.C. 152 (1982), those who obtain "other regular and substantially equivalent employment" are no longer employees within the meaning of the NLRA.

The portion of the statute referring to "other regular and equivalent employment" has only been construed to apply when considering whether an individual has the right to demand

reinstatement, not whether a person has standing to complain of a violation of the NLRA. See *Woodlawn Hospital v. N. L. R. B.*, 596 F.2d 1330 (7th Cir. 1979); *National Labor Relations Bd. v. Moltrup S. Prod. Co.*, 121 F.2d 612 (3rd Cir. 1941); *Mooresville Cotton Mills v. National Labor R. Board*, 97 F.2d 959 (4th Cir. 1938); *Washington Post Co. v. Dist. Unemp. Comp. Bd.*, 379 A.2d 694 (D.C. 1977). Additionally, it has been held the definition of the word "employee" in the section should not be narrowed to make abortive the remedial purposes of the subchapter. See *Phelps Dodge Corp. v. National Labor Relations Bd.*, 113 F.2d 202 (2d Cir. 1940). Appellant's urged use of the definition concerning employees could easily result in aborting the remedial purposes of the subchapter by making the NLRA unavailable to employees seeking its protection. We conclude the definition given in the statute does not preclude application of the NLRA in this case.

The trial court did not err in holding the NLRB has exclusive jurisdiction over the subject matter of appellant's claim of retaliatory discharge. The State is precluded from asserting its jurisdiction over the matter.

The judgment of the trial court is affirmed.