No. 58,350

Terry Cox, *Appellant*, v. United Technologies, Essex Group, Inc., Wire and Cable Division, *Appellee.*

(727 P.2d 456)

Opinion filed October 31, 1986.

*Frederick J. Patton, II*, of Patton & Patton, of Topeka, argued the cause and was on the briefs for appellant.

*Thomas H. Bornholdt*, of Bornholdt, Landeck & Owens, of Overland Park, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

McFarland, J.: This is an appeal from a summary judgment entered by the district court wherein it was held that an employee covered by a collective bargaining agreement may not maintain a tort action against his employer for alleged retaliatory discharge for filing a workers' compensation claim.

The issue before us is a question of law. The factual background from which this litigation arises may be summarized as follows. Plaintiff Terry Cox was an employee of defendant United Technologies, Essex Group, Inc., in 1982, serving as a fine-wire operator. Plaintiff filed a workers' compensation claim which was settled on November 4, 1982. Thirteen days later plaintiff was discharged from his employment on the ground he had failed to report for work following the conclusion of his workers' compensation claim. Prior to plaintiff's termination, a co-worker (Donald Smith) had been terminated on the same ground. Both employees were members of Local Union No. 851, United Rubber, Cork, Linoleum and Plastic Workers of America, and their employment was covered by a collective bargaining agreement. Said agreement contained the provision that an employee would not be terminated except for proper cause and

provided grievance procedures, including binding arbitration, for the resolution of complaints and disputes.

Both employees filed grievances based on their terminations. The Smith grievance was concluded first. The arbitrator found that Smith's discharge was unjust and restored Smith to duty, but denied back pay because Smith had failed to mitigate his position after termination. Plaintiff subsequently settled his grievance on the same basis as the arbitrator's decision relative to Smith and was restored to duty. On April 20, 1983, plaintiff brought this action against defendant employer seeking, *inter alia*, actual damages and punitive damages for alleged retaliatory discharge for having filed a workers' compensation claim. The district court entered summary judgment on the retaliatory discharge claim on the ground that such an action is not available in Kansas to an employee covered by a collective bargaining agreement such as covered plaintiff. Plaintiff's cause of action based upon alleged violation of 42 U.S.C. § 1981 (1982) proceeded to jury trial wherein a verdict was entered in favor of defendant. The sole issue on appeal concerns the propriety of the entry of summary judgment.

The issue before us may be stated as follows:
MAY A CAUSE OF ACTION BE MAINTAINED FOR AN ALLEGED RETALIATORY DISCHARGE BY AN EMPLOYEE WHOSE EMPLOYMENT RELATIONSHIP IS GOVERNED BY A COLLECTIVE BARGAINING AGREEMENT WHICH INCLUDES GRIEVANCE AND ARBITRATION PROCEDURES?

This precise issue is one of first impression in this state. The Court of Appeals, in *Murphy v. City of Topeka*, 6 Kan. App. 2d 488, 630 P.2d 186 (1981), recognized an action for retaliatory discharge for filing a workers' compensation claim brought by an employee-at-will. Plaintiff herein asks the court to extend the Court of Appeals' holding in *Murphy* to include employees covered by a collective bargaining agreement such as the one before us. Plaintiff argues that a tort action for retaliatory discharge would provide him with a remedy unavailable in a grievance procedure—namely, the right to seek punitive damages.

There is a strong public policy underlying the Workmen's Compensation Act (K.S.A. 44-501 *et seq.*) and favoring the worker's right to avail himself, or herself, of the benefits arising

therefrom. An employee-at-will may be discharged with or without cause. An unscrupulous employer could subvert this public policy by placing the employee-at-will in the position of having to choose between filing a workers' compensation claim or keeping his or her employment. Recognition of the tort of retaliatory discharge for filing of a workers' compensation claim, by the Court of Appeals in *Murphy*, judicially created a remedy for a class of employees having no contractual remedy.

Plaintiff's employment is covered by a collective bargaining agreement which permits his employer to discharge him only for "proper cause." Clearly, a discharge predicated upon an employee having exercised his right to file a workers' compensation claim would not constitute "proper cause." The contract herein contains a grievance procedure which includes binding arbitration of grievances. Through the grievance procedure, an improperly discharged employee may be restored to his employment and receive back pay. Valuable health insurance, seniority, and pension rights may be protected through the grievance procedure.

The employee-at-will's tort remedy does provide relief, at most, of actual and punitive damages and cannot restore the job and the other benefits of continued employment.

In granting summary judgment herein, the district court relied heavily on *Cook v. Caterpillar Tractor Co.*, 85 Ill. App. 3d 402, 407 N.E.2d 95 (1980). In *Cook* the Illinois Appellate Court was confronted with a similar situation to the one before us. In a prior case the Illinois Supreme Court had recognized a tort cause of action by an employee-at-will who alleged retaliatory discharge for having filed a workers' compensation claim. The *Cook* court was asked to extend the prior holding to cover a union employee operating under a collective bargaining agreement. The *Cook* court declined to do so, stating:

"In *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, the Illinois Supreme Court stated that where there has been a retaliatory discharge of an employee terminable at will, the discharged employee may bring an action in tort. The reasoning behind the court's decision is that an employee terminable at will has no recourse against his employer if the employer decides to discharge the employee for filing a workmen's compensation claim. In the absence of the ability to recover in tort, an employee terminable at will would be forced to choose between continued employment and the workmen's compensation legally due him. This would have seriously undermined the Workmen's Compen-

sation Act, and so the court permitted employees terminable at will to sue in tort for retaliatory discharge.

"The issue in this case is whether *Kelsay* is applicable to a situation where an employee is not terminable at will, but instead has recourse against an employer under a collective bargaining agreement permitting discharge only for just cause and allowing for arbitration to guarantee the parties' rights. We believe that it is not. The *policy considerations in Kelsay* are not present here. In the instant case the employee is protected. As shown above, the discharge provisions of the collective bargaining agreement serve to protect the employee from retaliatory discharge. Thus, the employee is free to apply for workmen's compensation without worrying that he will have to sacrifice his job to gain those benefits." 85 Ill. App. 3d at 406.

The rationale of *Cook* was adopted by two other districts of the Illinois Appellate Court. See *Suddreth v. Caterpillar Tractor Co.,* 114 Ill. App. 3d 396, 449 N.E.2d 203 (1983); *Deatrick v. Funk Seeds International,* 109 Ill. App. 3d 998, 441 N.E.2d 669 (1982). Likewise, *Cook* was followed by the United States Court of Appeals when applying Illinois law in *Lamb v. Briggs Mfg., a Div. of Celotex Corp.,* 700 F.2d 1093 (7th Cir. 1983).

After the district court's entry of summary judgment herein and while the case was on appeal, the Illinois Supreme Court, in *Midgett v. Sackett-Chicago, Inc.,* 105 Ill. 2d 143, 473 N.E.2d 1280 (1984), *cert. denied* 474 U.S. 909, 88 L. Ed. 2d 243 (1985), held that a union employee could bring a tort action for retaliatory discharge, thereby overruling the prior Illinois Appellate Court decisions precluding such actions. The Illinois Supreme Court concluded that the union emloyees shall have such an action available to them in order to assure complete freedom to exercise their rights under the workers' compensation laws and to deter employers from wrongful conduct.

A recent case refusing to expand the tort action to union employees is *Phillips v. Babcock & Wilcox,* 349 Pa. Super. 351, 503 A.2d 36 (1986), a case nearly on point with the instant case. In *Phillips,* a skilled worker was laid off as part of a general economic layoff. While laid off, he filed a workers' compensation claim. The worker was not included in the employees recalled to work. He filed a grievance, during the pendency of which he brought suit for retaliatory discharge. Defendant was granted summary judgment. The sole issue before the Pennsylvania Superior Court was, as here, whether a civil action for the tort of wrongful discharge can be maintained by a union employee whose employment relationship is governed by a collective bargaining agreement providing protection from such discharge.

In sustaining the trial court and rejecting plaintiff's public policy argument, the *Phillips* court wrote:

"Appellant and all like-situated employees are not without recourse when faced with indiscriminate discharge even when the discharge violates public policy. The collective bargaining agreement in the instant case provides protection against suspension or discharge without 'proper cause.' Surely, in pursuing a grievance under the provisions of the agreement, if appellant can show that his discharge was in retaliation for his filing a workmen's compensation claim, he will have proved that his discharge was not for 'proper cause.' It would appear, therefore, that appellant will then be entitled to the remedies provided in the agreement.

"Furthermore, we are not persuaded by appellant's argument that the wrongfully discharged at-will employee has greater remedies available in a civil action than does a union employee under a collective bargaining agreement since a civil court could award punitive damages. While the at-will employee may be entitled to punitive damages in a civil action, he does not have the ability to obtain some of the remedies available to union members; such as reinstatement to his position, which is a commonly provided remedy in labor agreements. Thus, we find that a difference in remedies is not enough to justify an extension of the coverage of the wrongful discharge action.

"Finally, in deciding not to extend the wrongful discharge action to employees who are otherwise protected by contract or statute, we must take into consideration the strong public policy which favors the right of parties to enter into contracts. In the instant case, the union and appellee in their agreement decided the remedies that would be available, and provided that those remedies would be final and binding. This intent is expressly set forth in the agreement and, therefore, the remedies available should be preclusive of any others. [Citation omitted.]" 349 Pa. Super. at 354-55.

We believe that the quoted rationales of *Phillips v. Babcock & Wilcox*, 349 Pa. Super. 351, and *Cook v. Caterpillar Tractor Co.*, 85 Ill. App. 3d 402, are sound notwithstanding the subsequent contrary decision by the Illinois Supreme Court. An employee covered by a collective bargaining agreement, such as before us, precluding discharge except for proper cause and providing a grievance procedure which includes binding arbitration is adequately protected contractually from retaliatory discharge. The public policy of Kansas does not require that the tort of retaliatory discharge judicially recognized for employees-at-will in *Murphy v. City of Topeka*, 6 Kan. App. 2d 488, be extended to include employees covered by a collective bargaining agreement such as before us.

The judgment is affirmed.

HERD, J., dissenting: Retaliatory discharge is a tort. The grievance procedure contained in union-management collective bar-

gaining agreements pertains to breach of contract. A tort is a breach of a duty imposed by law and has different remedies and measures of damages, such as pain and suffering, emotional distress, and exemplary damages, than does breach of contact.

The majority opinion denies workers an adequate remedy for employers' tortious conduct, thus improperly encouraging the discharge of workers for making workers' compensation claims. The majority opinion could also be interpreted as nullifying a union worker's remedy for discriminatory discharge under 42 U.S.C. § 1983 (1982).