No. 59,464

GEORGIA ARMSTRONG, *Appellant,* v. GOLDBLATT TOOL COMPANY, *Appellee.*

(747 P.2d 119)

Opinion filed December 11, 1987.

*David W. Hauber,* of Boddington & Brown, of Kansas City, argued the cause, and *Kenneth J. Reilly,* of the same firm, and *James M. Sheeley,* of Lugar, Harris, Lampson, Kunce & Sheeley, of Kansas City, were with him on the briefs for appellant.

*Ronald C. Newman,* of Mustain & Newman, Chartered, of Kansas City, argued the cause, and *J. D. Lysaught* and *Denise E. Tomasic,* of the same firm, were with him on the briefs for appellee.

*John M. Ostrowski,* of McCullough, Wareheim & LaBunker, of Topeka, was on the brief *amicus curiae* for the Kansas AFL-CIO.

*Douglas C. Beach,* of Overland Park, was on the brief *amicus curiae* for Southwest Forest Industries, Inc.

The opinion of the court was delivered by

PRAGER, C.J.: This case is before the court following the granting of a petition for review from an unpublished decision of the Kansas Court of Appeals filed on March 5, 1987. The appeal is from a summary judgment entered by the district court in which the court held that the plaintiff, Georgia Armstrong, an employee covered by a collective bargaining agreement, could not maintain a tort action against the defendant employer,

Goldblatt Tool Company, for an alleged retaliatory discharge because the plaintiff had filed a workers' compensation claim.

Plaintiff, a member of the United Steelworkers of America, had been an employee of defendant Goldblatt Tool Company since 1967. The employment relationship was covered by a collective bargaining agreement between the union and the employer. The collective bargaining agreement provided, in substance, that an employee could be discharged only for just cause and further provided a grievance procedure to a discharged employee culminating in binding arbitration. The plaintiff never attempted to use the grievance procedure provided in the collective bargaining agreement.

Plaintiff was injured at work in June 1982 and filed a workers' compensation claim which was settled in August 1983. She testified that the personnel director of the company told her that she could not return to her former position or any other position with the company unless she received a lower disability rating. Plaintiff did not apply for other jobs at Goldblatt through the bidding procedures available to her under the contract, nor did she file a grievance under the specified contract procedure. Goldblatt maintained that plaintiff had never actually been discharged from her position. Plaintiff filed suit against defendant in Wyandotte County district court alleging that the defendant's refusal to allow her to return to her former job constituted a retaliatory discharge resulting from her filing the workers' compensation claim. The case was removed to the United States District Court for the District of Kansas and later remanded back to the Wyandotte County district court. The defendant employer then filed a motion for summary judgment. The trial court sustained defendant's motion for summary judgment, concluding that plaintiff's state tort action for retaliatory discharge was preempted by federal law and that plaintiff's claim should have been resolved through the grievance procedure contained in the collective bargaining agreement.

Plaintiff then appealed to the Court of Appeals. The Court of Appeals affirmed, concluding that the case was controlled by the recent decision of this court in *Cox v. United Technologies*, 240 Kan. 95, 727 P.2d 456 (1986), which held, in substance, that an action based on the tort of retaliatory discharge is not available to

an employee whose employment relationship is governed by a collective bargaining agreement which prohibits discharge of an employee except for just cause and which provides a grievance procedure including binding arbitration. The Court of Appeals, in its opinion, noted that the facts in the instant case were not in dispute and that the only question before the court was whether the defendant was entitled to judgment as a matter of law.

In *Cox*, the plaintiff was discharged 13 days after he settled a workers' compensation claim with his employer's insurer, on the basis of his employer's claim that he failed to report to work following the conclusion of his workers' compensation claim. Cox's employment was covered by a collective bargaining agreement, which, as in the present case, contained the provision that an employee would not be terminated except for proper cause and also provided grievance procedures, including binding arbitration, for the resolution of disputes. Cox filed a grievance based upon his termination. The arbitrator restored Cox to his former position but did not award him back pay. Thereafter, Cox filed an action for retaliatory discharge against his employer, alleging that he was not allowed to return to work because he had filed a workers' compensation claim. On appeal, this court held that an employee, who is adequately protected contractually from discharge except for just cause by a collective bargaining agreement, does not have an independent action in tort for retaliatory discharge. The court, in *Cox*, refused to extend the right to bring an action in tort for retaliatory discharge, which was judicially recognized for employees at will in *Murphy v. City of Topeka*, 6 Kan. App. 2d 488, 630 P.2d 186 (1981), to include an employee adequately protected by a collective bargaining agreement.

In reliance upon our holding in *Cox*, the Court of Appeals in this case held that the presence of an adequate grievance procedure in a collective bargaining agreement precludes the employee from bringing a retaliatory discharge action, even though the employee failed to pursue his or her contractual remedies. The plaintiff, while conceding the applicability of *Cox*, contended that the recognition of the right of an at-will employee to bring an action for retaliatory discharge for filing a workers' compensation claim, while denying the same right to bring such

an action to an employee covered by a collective bargaining agreement, is unconstitutional as unjust discrimination against the rights of the employee covered by a collective bargaining agreement. The Court of Appeals summarily rejected this contention and held that the distinction made in *Cox* was constitutional. The Court of Appeals affirmed the granting of summary judgment to the defendant, holding that the sole remedy of plaintiff Armstrong was contained in the collective bargaining agreement and not in a common-law action for retaliatory discharge. The Supreme Court granted the plaintiff's petition for review.

There is no dispute between the parties in this case that our decision in *Cox*, if constitutional, denies to plaintiff Armstrong an independent cause of action in tort for retaliatory discharge where the collective bargaining agreement, as in this case, prohibits her discharge except for just cause and provides an appropriate grievance procedure. The plaintiff urges us to overrule our holding in *Cox* on the basis of public policy. We have considered the arguments of the plaintiff in this regard and have concluded on public policy considerations that our decision in *Cox* should stand. The majority of the court has determined that the legal principles and rationale set forth in *Cox* should be adhered to and should be applied in this case to bar plaintiff Armstrong from bringing a cause of action in tort for retaliatory discharge. In *Cox*, we noted that the Court of Appeals in *Murphy v. City of Topeka,* 6 Kan. App. 2d 488, recognized an action could be brought by an employee at will for retaliatory discharge for filing a workers' compensation claim. We noted that there is a strong public policy underlying the Workers' Compensation Act (K.S.A. 44-501 *et seq.*) which favors the worker's right to avail himself, or herself, of the benefits arising therefrom. We stated that, because an employee at will may be discharged with or without cause and because an unscrupulous employer could subvert this public policy by placing the employee at will in the position of having to choose between filing a workers' compensation claim or keeping his or her employment, an independent action for retaliatory discharge should be judicially created to provide a remedy for a class of employees having no contractual remedy.

In *Cox*, we stated without equivocation that a discharge pre-

dicated upon an employee having exercised his right to file a workers' compensation claim would not constitute "proper cause." We considered a number of cases from other jurisdictions, both pro and con on the issue, and concluded that an employee covered by a collective bargaining agreement permitting discharge only for just cause and providing an adequate grievance procedure is adequately protected from retaliatory discharge. We concluded that the public policy of Kansas does not require that the tort of retaliatory discharge for filing a workers' compensation claim recognized for employees at will be extended to employees fully covered and protected by a collective bargaining agreement. Justice Harold S. Herd dissented.

In adopting the rule set forth in *Cox*, the court reasoned that it was obligated to take into consideration the strong public policy which takes into account the right of parties to enter into contracts and that, where a union and an employer in their agreement decide the remedies that should be available and decide that those remedies should be final and binding, the intent of the agreement should be enforced by the courts and the remedies therein available, if adequate, should be preclusive of any others. We adhere to our conclusion that collective bargaining agreements made pursuant to federal law should be enforced by the courts unless there is some important state public policy present to deny their enforcement.

In passing, we note that the rule adopted in *Cox* was reaffirmed in January of this year in *Smith v. United Technologies*, 240 Kan. 562, 731 P.2d 871 (1987), which holds that no tort action for retaliatory discharge for filing a workers' compensation claim exists where the employee is adequately protected contractually from such discharge by a collective bargaining agreement.

We turn now to the constitutional issues raised by plaintiff. Plaintiff, in substance, argues that this court's decision in *Cox v. United Technologies* is unconstitutional for three reasons:

(1) It denies unionized workers due process of law;

(2) it creates impermissible and irrational classifications of employees and employers; and

(3) it violates the First Amendment.

Plaintiff argues, in substance, that the tort of retaliatory discharge

was created by the Kansas Court of Appeals in *Murphy v. City of Topeka*, 6 Kan. App. 2d 488, and that this court in *Cox* limited the previous cause of action so as to deprive this plaintiff of due process of law. We believe this contention is without merit. The effect of *Murphy* was to establish a *limited* public policy exception to the generally accepted rule that an at-will employee may be terminated for any reason, good or bad, just or unjust. In *Anco Constr. Co. v. Freeman*, 236 Kan. 626, 693 P.2d 1183 (1985), it is stated in Syl. ¶ 4 as follows:

"The employment-at-will doctrine in Kansas stems from the judicial determination that, in the absence of a contract covering the duration of employment, the employment is terminable at the will of either party, and the employee has no cause of action by alleging he was discharged."

The rule established in *Murphy* and subsequently followed in Kansas was a judicially created rule applicable only to at-will employees in order to protect the at-will employees from discharge in violation of some public policy of the state.

In *Morriss v. Coleman Co.*, 241 Kan. 501, 738 P.2d 841 (1987), the opinion discusses in depth the termination-at-will doctrine as traditionally applied in Kansas and other jurisdictions. In *Morriss*, we noted that the termination-at-will or employment-at-will doctrine, although generally applied throughout the United States, has in recent years been criticized by legal scholars and the courts. The opinion discusses the various methods used by the courts to avoid the inherent injustice of the doctrine. One of the exceptions to the termination-at-will doctrine arose from the creation of an action in tort for retaliatory discharge based upon the theory that the dismissal of employees for reasons violative of a particular public policy should be actionable. Our decision in *Morriss* made it clear that the creation of a cause of action in favor of an at-will employee who is discharged for reasons violative of public policy was designed to avoid the injustice of the traditional rule. It was not designed to create a new cause of action for employees who are adequately protected from wrongful discharges by a collective bargaining agreement which prohibits discharge or termination of employment unless just cause is established.

Under the circumstances, we have no hesitancy in holding that the due process rights of plaintiff Armstrong in this case have not

been violated. As an employee under the collective bargaining agreement, she cannot be discharged unless just cause is shown. Furthermore, a specific remedy is provided by a grievance procedure. The remedy by arbitration was surely adopted in the contract by the parties as an alternative method of resolving employment disputes in order to avoid the expense of litigation in the courts. We hold that the claim of denial of due process in this case is without merit.

The plaintiff next contends that our decision in *Cox* created impermissible and irrational classifications of employees and employers in violation of the equal protection clause of the United States Constitution. We do not agree. The rule established in *Cox* creates no unreasonable classification of employers or employees. The remedy of a cause of action for retaliatory discharge was created by the Kansas courts to benefit a limited group of employees at will who otherwise were completely without a remedy. In *Cox*, we simply refused to extend the remedy to employees covered by a collective bargaining agreement who did not require the remedy of an action for retaliatory discharge in order to protect their rights.

The United States Supreme Court has at least impliedly recognized that a state-created tort remedy may properly be made available to at-will employees which is unavailable to employees subject to a collective bargaining agreement. In *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 85 L. Ed. 2d 206, 105 S. Ct. 1904 (1985), the United States Supreme Court reversed the Supreme Court of Wisconsin which held that an employee subject to a collective bargaining agreement was entitled to pursue an action against his employer based on the tort of bad faith. The court stated:

"Since nearly any alleged willful breach of contract can be restated as a tort claim for breach of a good-faith obligation under a contract, the arbitrator's role in every case could be bypassed easily if § 301 is not understood to pre-empt such claims. Claims involving vacation or overtime pay, work assignment, *unfair discharge*—in short, the whole range of disputes traditionally resolved through arbitration—could be brought in the first instance in state court by a complaint in tort rather than in contract. A rule that permitted an individual to sidestep available grievance procedures would cause arbitration to lose most of its effectiveness, [Citation omitted], as well as eviscerate a central tenet of federal labor-contract law under § 301 that it is the arbitrator, not the court, who has the

responsibility to interpret the labor contract in the first instance." (Emphasis supplied.) pp. 219-20.

See also the annotations in 72 A.L.R.2d 1439 and 32 A.L.R.4th 350, where many cases are cited holding that an action for wrongful discharge may not be maintained where the right of action is derived from a collective bargaining agreement unless the employee has first exhausted the grievance procedures established by such an agreement.

In *Viestenz v. Fleming Companies, Inc.*, 681 F.2d 699 (10th Cir.), *cert. den.* 459 U.S. 972 (1982), a diversity action was brought was in the United States District Court for Kansas by a former employee against his employer, a Kansas corporation, alleging wrongful discharge from his job in Missouri for union activities. The court affirmed the lower court's dismissal of the wrongful discharge claim, because it was barred by the employee's failure to avail himself of the grievance procedure provided by the collective bargaining agreement between the employer and the employee's union.

The plaintiff relies on *Peabody Galion v. Dollar*, 666 F.2d 1309 (10th Cir. 1981), which case is clearly distinguishable from the present case. The employee's cause of action for retaliatory discharge in that case was created by an Oklahoma statute applicable to all Oklahoma employees, not just employees at will. The court specifically stated:

"We note also that the Oklahoma statute which is here considered is a law of general applicability and is not one whose object is to regulate relations between employees, their union, and their employer. It applies to all Oklahoma employees, not just union members or employers governed by collective bargaining agreements negotiated under federal law." p. 1317.

The court emphasized that the employee's right to bring an action for retaliatory discharge was based upon an Oklahoma statute which did not distinguish between employees. Thus, the decision in *Peabody Galion v. Dollar* is not applicable to the case now before us.

Simply stated, there is no legitimate basis for a claim of denial of equal protection in this case. The rule of *Murphy* and *Cox* permits the filing of an action in tort for wrongful discharge for filing a workers' compensation claim only where the employee is an employee at will and terminable without just cause. Such an

employee falls within an entirely different category than do employees who are fully protected from wrongful discharge by collective bargaining agreements. There is definitely a rational basis for distinguishing between such employees. The purpose of the public policy exception protecting at-will employees is to guarantee them protection from wrongful discharge, a protection which is not required where a collective bargaining agreement specifically provides such protection.

We also find no merit to the contention of the plaintiff that our ruling in *Cox* violates the First Amendment right of free association of organized workers because it penalizes workers who have joined unions by denying them state tort remedies available to at-will employees. This is essentially an equal protection argument which we have just discussed and rejected.

For the reasons set forth above, we hold that the decision of this court in *Cox v. United Technologies*, 240 Kan. 95, controls the determination of this appeal and bars plaintiff from bringing an action in tort for a retaliatory discharge, because a full and complete remedy is provided by the collective bargaining agreement.

The judgments of the district court and of the Court of Appeals are affirmed.

LOCKETT, J., dissenting: By reaffirming *Cox v. United Technologies*, 240 Kan. 95, 727 P.2d 456 (1986), the majority holds that employees covered by a collective bargaining agreement, a contract, have no right to seek redress through the courts for retaliatory discharge, a tort, which violates state public policy. The majority reasons that a contractual provision which prohibits discharges without "proper cause" and requires arbitration provides an adequate remedy for the violation of public policy. Here, because plaintiff has raised a number of issues not fully considered by the court in *Cox*, I am persuaded that the remedy afforded tort victims of retaliatory discharge by the collective bargaining agreement is, in fact, inadequate. Therefore, I dissent.

Originally in this action, the district court held that a state tort action for retaliatory discharge was preempted by federal labor law. The Court of Appeals did not address the preemption issue,

but decided the case purely on our *Cox* rationale. The majority opinion of this court merely refers to but does not address the federal preemption issue. However, by deciding this case on state public policy grounds, the majority has implicitly determined that this action is not preempted by federal law.

Because the issues which determine the preemption question are closely interrelated with the issues raised in this case, a few comments regarding preemption are required. Section 301 of the Labor Management Relations Act of 1947 (L.M.R.A.), 29 U.S.C. § 185(a) (1982) provides federal court jurisdiction for acts in violation of contracts between employers and labor organizations and has been construed to require the application of federal labor law to such suits. *Teamsters Local v. Lucas Flour Co.*, 369 U.S. 95, 7 L. Ed. 2d 593, 82 S. Ct. 571 (1962); *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 1 L. Ed. 2d 972, 77 S. Ct. 912 (1957).

In *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 85 L. Ed. 2d 206, 105 S. Ct. 1904 (1985), the United States Supreme Court established standards for deciding whether state tort claims are preempted by federal labor law. That case involved a claim by an employee against his employer alleging bad faith handling of a disability insurance claim due under his collective bargaining agreement. In holding that the state tort claim in that case was preempted, the court stated that the essence of preemption by § 301 of the L.M.R.A. is the need for uniformity in labor contract interpretation and that, if the resolution of the state tort claim depended upon reference to the labor contract, the tort claim would be preempted.

The court emphasized, however, that not all disputes "tangentially" involving a provision of the collective bargaining agreement would be preempted. The court framed the issue as whether the state tort action confers nonnegotiable state-law rights on employers and employees independent of any right established by contract or, instead, whether evaluation of the tort claim is "inextricably intertwined" with consideration of the terms of the labor contract. If the state tort law purports to define the meaning of the contract relationship, the state law is preempted. 471 U.S. at 211, 213.

The majority, disregarding the logic of these federal cases, states in Syllabus ¶ 1, "No tort action for retaliatory discharge for

filing a workers' compensation claim exists where the employee is adequately protected contractually from such discharge by a collective bargaining agreement." It reaches this determination by ignoring the conclusions of the federal cases cited for their authority. Even though the majority finds that Armstrong's state tort remedy is contained within the contract and that therefore the tort claim must be "inextricably intertwined" with the collective bargaining agreement, paradoxically it affirms *Cox* by concluding that the state law is not preempted.

I believe that the state tort claim in this case exists independent of the labor contract and is not preempted by federal law. In *Allis-Chalmers*, the right to disability insurance existed only because the labor contract so provided. Causes of action for retaliatory discharges, such as discharges for filing workers' compensation claims, for opposing illegal activities of an employer, and for penalizing the employee for serving on a jury, are derived solely from clearly mandated state public policy.

I agree that where there is no violation of the state constitution or legislative enactments, public policy determinations by the courts are subject to the balancing of interests of the right of parties to enter into contracts. But, it is fundamentally wrong for the court to hold that an employer's right to violate the public policy of this state can be implied from a collective bargaining agreement or to allow the parties to negotiate a non-negotiable state right. An agreement is against public policy if it is injurious to the interest of the public, contravenes some established interest of society, or violates some public statute. *Hunter v. American Rentals*, 189 Kan. 615, 618, 371 P.2d 131 (1962).

The public policy underlying the Workers' Compensation Act and the recognition of the tort of retaliatory discharge were clearly stated by the Court of Appeals in *Murphy v. City of Topeka*, 6 Kan. App. 2d 488, 630 P.2d 186 (1981). "The Workmen's Compensation Act provides efficient remedies and protection for employees, and is designed to promote the welfare of the people in this state. It is the exclusive remedy afforded the injured employee, regardless of the nature of the employer's negligence. To allow an employer to coerce employees in the free exercise of their rights under the act would substantially subvert the purpose of the act." 6 Kan. App. 2d at 495-96.

In *Cox* and now again the majority declines to confer the right to bring a retaliatory discharge suit upon all employees. Simply stated, the rationale of the majority opinion, as it was in *Cox*, is that employees covered by collective bargaining agreements may be granted less state law protection than employees at will because the grievance and arbitration procedures contained in their contracts "adequately protect" them from retaliatory discharges. The majority reasons that, since the collective bargaining agreement contains a provision in the contract prohibiting discharge without just cause, employees covered by such contracts do not need access to the judicial system for protection for intentional violations of public policy by their employers. I disagree.

The arbitral forum is not the proper place to enforce state public policy. Arbitrators derive their power and authority from the collective bargaining agreement and may decide only those questions covered by the collective bargaining agreement. For example, Articles IV and V of the employees' collective bargaining agreement in this case states that if a discharged employee is not successful in contesting his discharge through the available grievance procedures, the employee may decide to appeal the grievance to an impartial arbitrator. Article IV states further:

"The arbitrator may consider and decide only the particular issue or issues presented to him in writing by the Company and the Union and his decision must be based solely upon an interpretation of the provisions of this Agreement. The arbitrator shall not have the right to amend, take away, add to or change any of the provisions of this Agreement."

The implication of the majority opinion is that an employee's rights are adequately protected by a provision that no employee can be fired without just or proper cause. It is instructive to examine actual standards which arbitrators use to determine the existence of just cause in a particular case. Commentators have stated that just cause in a collective bargaining setting often involves a determination of justice in an industrial setting according to the custom of the industry. See Hill, *Arbitration as a Means of Protecting Employees from Unjust Dismissal: A Statutory Proposal*, 3 N. Ill. U. L. Rev. III, 139 (1982). Such standards are not the proper ones for determining whether state

public policy has been violated. Such violations should be determined as they always are—through the courts. All employees should be afforded equal access to the judicial system in these cases.

In addition, arbitral procedures, while well suited to the resolution of contractual disputes, are comparatively inappropriate for the resolution of tort claims. The factfinding process in arbitration does not equate with judicial factfinding. Rules of evidence do not usually apply; the rights and procedures common to civil trials such as discovery, compulsory process, cross-examination, and testimony under oath are often severely limited or unavailable. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 57-58, 39 L. Ed. 2d 147, 94 S. Ct. 1011 (1974). This fact becomes important when the nature of the tort of retaliatory discharge is examined. The focus of a tort claim for retaliatory discharge is the employer's motive. After the employee presents a prima facie case of retaliation, the burden shifts to the employer to prove a legitimate nondiscriminatory motive for the discharge. 2A Larson, Workmen's Compensation Law, § 68.36(c),(d) (1987). Clearly, it is the judicial factfinding process which is best suited to uncover a party's motivation.

I also believe that the employees' remedy under the collective bargaining agreement is inadequate because the reinstatement and back pay available under the agreement can in no way equate or replace the tort damages, particularly punitive damages. Article V of the collective bargaining agreement states the remedies available under arbitration:

"Should it be determined by the arbitrator that an employee has been discharged for other than just cause, the arbitrator will have jurisdiction to modify or revoke the discharge.

"Should it be determined by the arbitrator that an employee has been discharged for just cause, the arbitrator will have no jurisdiction to modify or revoke the discharge."

There is no authority under the agreement for the arbitrator to impose punitive damages. The majority, as did the court in *Cox*, has determined that the sole rationale for recognizing the tort of retaliatory discharge is to provide the employee with a remedy. *Murphy*, however, recognized that the tort was equally necessary as a deterrent to the employer to discourage the practice of

retaliatory discharge. Punitive damages exist as an available sanction against an employer who violates an important public policy of this state. The majority decision immunizes employers of union employees from the imposition of punitive damages. Thus, the remedy provided by the collective bargaining agreement is far from full and complete.

Federal law is also contrary to the majority's position. Under federal law, collective bargaining agreements do not preclude separate federal causes of action. Since arbitrators are bound by the collective bargaining agreement, having no authority to enforce policies or statutes which conflict with the agreement, the United States Supreme Court has repeatedly emphasized that collective bargaining agreements do not preclude suits under separate federal causes of action. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (suits under Title VII of the Civil Rights Act of 1964); *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 67 L. Ed. 2d 641, 101 S. Ct. 1437 (1981) (suits under the Fair Labor Standards Act); *McDonald v. West Branch*, 466 U.S. 284, 80 L. Ed. 2d 302, 104 S. Ct. 1799 (1984) (no preclusive effect in suits brought under 42 U.S.C. § 1983 [1982] to unappealed arbitration decisions).

Finally, plaintiffs contend that the *Cox* decision violates state constitutional guarantees of equal protection by creating impermissible and irrational classifications of employees and employers. I believe this argument has merit and, further, that the majority's decision is inconsistent with our decision in *Farley v. Engelken*, 241 Kan. 663, 740 P.2d 1058 (1987). In *Farley*, we held that the legislature, by enacting K.S.A. 1986 Supp. 60-3403 abrogating the collateral source rule in medical malpractice actions, violated the equal protection clause of the Bill of Rights of the Kansas Constitution by treating a limited class of tortfeasors, *i.e.*, negligent health care providers, preferentially, and denying a limited class of tort victims, *i.e.*, insured medical malpractice victims, the right to be fully compensated. Nevertheless, in this case, it is the court that determines it is the public policy of this state to afford preferential treatment for employers similar to that which was proscribed for health care providers in *Farley*. *Cox* in effect creates two classes of employee tort victims as well as two classes of employers. One class, employees cov-

ered by collective bargaining, is totally denied a tort remedy and its employers are completely immunized from accountability for violations of state public policy. The other class of employees, those not covered by collective bargaining contracts, has a tort remedy and its employers are accountable for violations of state public policy.

The majority uses *Allis-Chalmers* to imply that restricting employees subject to collective bargaining agreements to their remedies under the contract does not violate an employee's equal protection rights. I believe this misinterprets the thrust of the *Allis-Chalmers* decision. *Allis-Chalmers*, as noted earlier, involved a state tort suit for bad faith handling of a disability insurance claim. The case clearly involved interpretation of the insurance provisions of the contract. I would agree that such claims, as well as claims involving overtime pay, work assignment, and unfair discharge *in general* are claims clearly intended by both parties to be covered in the contract. Allowing employees to frame such claims as tort actions would indeed "eviscerate" the central role of the arbitrator as the interpreter of the labor contract. Tort claims of retaliatory discharge, however, were never intended by the parties to be covered by the contract. The flaw in the majority's reasoning is the failure to distinguish the general tort of wrongful discharge from the public policy tort of wrongful discharge because an employee has sought workers' compensation.

In the general wrongful discharge claim, the cause of action may well be premised on activity directly covered by the collective bargaining agreement. However, in the retaliatory discharge claim, the cause of action arises from the state's important public policy interest—independent of the collective bargaining agreement—in preserving the workers' compensation system. As the court stated in *Allis-Chalmers*, "[c]learly § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. . . . [I]t would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." 471 U.S. at 212.

A careful reading of *Viestenz v. Fleming Companies, Inc.*, 681 F.2d 699 (10th Cir.), *cert. denied* 459 U.S. 972 (1982), reveals that

that case also does not support the majority opinion. In *Viestenz*, the court held that, to the extent that the employee's claim for wrongful discharge was based on violation of the collective bargaining agreement, the claim had to be pursued under the contract. 681 F.2d at 701. As Justice Herd noted in his dissent in *Cox*, retaliatory discharge is a tort based on a breach of duty imposed by law, independent of any duties created by contract.

A unanimous court in *Ernest v. Faler*, 237 Kan. 125, Syl. ¶ 3, 697 P.2d 870 (1985), eloquently stated, "The right of a person injured by the tortious act of another to a remedy for his injuries in a court of law is one of the basic constitutional rights guaranteed protection by the Kansas courts." The majority of this court now denies that right exists for Armstrong. I cannot agree.

HERD, J., dissenting: I join the dissent of Lockett, J., and make these additional comments.

The majority opinion equates retaliatory discharge with wrongful discharge. While it is true discharging an employee in retaliation for his making a workers' compensation claim is wrongful, it is much more; it is a malicious intentional tort and it is unlawful.

A collective bargaining agreement between a union and management binds the parties only on matters negotiated. Unlawful acts of the parties are not subject to negotiation. See *Hunter v. American Rentals*, 189 Kan. 615, 617-18, 371 P.2d 131 (1962). Thus, the meaning of wrongful discharge in the collective bargaining agreement cannot be enlarged to include retaliatory discharge.

In addition, a union member has a statutory right to workers' compensation and a constitutional right to a remedy by due course of law. Ratification of a collective bargaining agreement negotiated by the union does not waive either statutory or constitutional rights of a union member. Those rights are personal to the individual; waiver requires his voluntary, willing and knowledgeable act. See *United American State Bank & Trust Co. v. Wild West Chrysler Plymouth, Inc.*, 221 Kan. 523, 526, 561 P.2d 792 (1977). Here, there is no evidence Armstrong took any such action. An agent cannot waive a person's statutory or constitutional rights.

I would reverse.

ALLEGRUCCI, J., joins the foregoing dissenting opinions of LOCKETT and HERD, JJ.