**Gregory RAYMOND, Plaintiff,**

v.

**ARCHER DANIELS MIDLAND CO., Defendant.**

Civ. A. No. 90–2294–0.

United States District Court, D. Kansas.

April 15, 1991.

Joseph R. Ebbert, Boddington & Brown, Chtd., Kansas City, Kan., for plaintiff.

Mark A. Stites, Stinson, Mag & Fizzell, Overland Park, Kan., Richard L. Connors, Mark S. Foster, Stinson, Mag & Fizzell, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion to dismiss or, in the alternative, for summary judgment. Plaintiff, Gregory Raymond (Raymond), filed this diversity action against his former employer, Archer Daniels Midland Co. (ADM), alleging he was wrongfully discharged from his employment in violation of Kansas public policy. Archer argues for dismissal of the action or for summary judgment on the grounds that Raymond has no cause of action under Kansas law. Because both parties have referred to matters outside the pleadings, the court will treat the motion as one for summary judgment. For

the following reasons, the court grants defendant's motion.

## FACTS

The undisputed facts, for purposes of this motion, are: Raymond was hired by ADM on or about August 20, 1986, as a maintenance and production worker at ADM's Olathe, Kansas, plant. As a production and maintenance employee, Raymond was represented by the American Federation of Grain Millers, Local No. 16. Article VI, Section 6.05, of the governing collective bargaining agreement provided in pertinent part:

> An employee shall lose his seniority and employee status for just cause for any of the following reasons:
>
> .    .    .    .    .
>
> 6. He has been on layoff, or off work because of illness, injury, or for any other reason, except military service (subject to the Universal Military Training and Service Act) for a period of 12 consecutive months. In the case of illness or injury of an employee, this 12–month period may be extended for an additional 6 months (in writing) by mutual agreement between the parties.

On or about July 8, 1987, Raymond sustained a work-related injury to his left wrist and subsequently filed a workers' compensation claim. After he had been off work for a period exceeding twelve months, ADM notified Raymond on August 16, 1988, that he was terminated pursuant to the above-quoted provision. It is undisputed that, at the time of his discharge, Raymond was not capable of performing the work for which he had been hired. On or about July 10, 1990, nearly three years after his last employment at ADM, Raymond advised ADM that he was physically able to return to work, but was told he would not be rehired.

## STANDARDS

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387

(10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

## DISCUSSION

Raymond contends that his discharge for failing to return to work after twelve months, pursuant to the provision in the collective bargaining agreement, and ADM's subsequent refusal to allow him to reclaim his job after a three-year absence from work was wrongful and in violation of Kansas public policy. Raymond argues he was terminated in retaliation for having pursued his rights under the Kansas workers' compensation laws and relies for his cause of action upon *Coleman v. Safeway Stores Inc.,* 242 Kan. 804, 752 P.2d 645 (1988).

In *Coleman,* the plaintiff, an employee covered by a collective bargaining agreement, was terminated pursuant to an attendance policy which required all employ-

ees to call in one half hour before the beginning of their shift if they were going to be absent. The policy allowed a disabled employee to call in once a week if the disability lasted for more than a week, if a medical statement was provided with a return to work date, and if the approval of the plant nurse or Employee Relations Supervisor was obtained. Six infractions of the attendance policy resulted in termination. On June 14, 1984, Coleman sustained a work-related injury to her wrist which required her to be off work and on September 19, 1984, she underwent surgery. During the time she was off work, she was assessed infractions for failing to call in daily to report her absences and was terminated upon return to work for excessive absenteeism.

Coleman filed suit in the District Court of Sedgwick County, Kansas, alleging she had been wrongfully terminated as a result of her work-related injury. The district court granted Safeway's motion for summary judgment, finding that Coleman had accumulated sufficient absences prior to incurring the work-related injury to justify termination. On appeal, the Kansas Court of Appeals affirmed on the basis of *Cox v. United Technologies*, 240 Kan. 95, 727 P.2d 456 (1986), and held that Coleman, an employee covered by a collective bargaining agreement, could not maintain a state tort action for retaliatory discharge.[1]

Subsequently, the Kansas Supreme Court accepted Coleman's petition for review, overruled *Cox*, and extended the tort of retaliatory discharge to employees covered by collective bargaining agreements who allege wrongful discharge in violation of state public policy.[2] The court then reversed the district court's grant of summary judgment and held that a genuine issue of material fact existed with respect to whether Coleman had accumulated six attendance infractions before filing her

workers' compensation claim. In agreeing with the district court that absences which occurred as a result of Coleman's work-related injury should not be counted against her in assessing attendance infractions, the court observed:

> Allowing an employer to discharge an employee for being absent or failing to call in an anticipated absence as a result of a workrelated injury would allow an employer to indirectly fire an employee for filing a workers' compensation claim, a practice contrary to the public policy of this State, as described in *Murphy v. City of Topeka* [6 Kan.App.2d 488, 630 P.2d 186 (1981)].

242 Kan. at 816, 752 P.2d 645.

■ In the case at bar, Raymond bases his claim on the above language. He argues that this language should be read broadly to completely preclude an employer from terminating an employee after the employee has been off work as a result of a work-related injury, irrespective of (1) the length of time spent off work and (2) the ability of the employee to perform his duties at the time of discharge. ADM urges a narrow construction of the above-quoted language, arguing that Kansas courts would and have confined this holding to the facts of the *Coleman* case. It is ADM's position that Kansas public policy does not completely prohibit the discharge of an employee who is unable to perform his work at the time of discharge, even if the employee has sustained a work-related injury and filed a workers' compensation claim.

We agree with ADM that its interpretation of Kansas public policy on this issue is supported by Kansas retaliatory discharge cases involving workers' compensation claims which both preceded and followed *Coleman*. In a pre-*Coleman*, case, *Murphy v. City of Topeka*, 6 Kan.App.2d 488, 630 P.2d 186, 188 (1981), the plaintiff was

---

1. In *Cox*, decided subsequent to the district court's grant of summary judgment in *Coleman*, the Kansas Supreme Court declined to extend recognition of the tort of retaliatory discharge to employees "adequately protected" by collective bargaining agreements. 240 Kan. at 99, 727 P.2d 456.

2. In addition, the Coleman decision overruled the more recent cases of *Armstrong v. Goldblatt Tool Co.*, 242 Kan. 164, 747 P.2d 119 (1987) and *Smith v. United Technologies*, 240 Kan. 562, 731 P.2d 871 (1987).

employed by the City of Topeka and, after sustaining a work-related injury, filed a workers' compensation claim. Subsequently, Murphy was offered continued employment on the condition that he withdraw the claim and when he refused, he was terminated.

After the district court held that Murphy's petition stated a valid claim, the Kansas Court of Appeals affirmed and, for the first time, recognized a public policy exception to the employment-at-will doctrine in Kansas.[3] In recognizing a tort cause of action for wrongful discharge in retaliation for having filed a workers' compensation claim, the Court of Appeals, quoting the district court, stated:

> These laws [workmen's compensation] were a great social and economic step forward in this country and the Court is of the opinion that for an employer to intentionally and wrongfully fire a workman for filing a Workmen's Compensation Claim and proceeding thereon, *when said workman is able to perform his work*, is the basis for a claim in tort and is contrary to the public policy of this state. *This is not to say that an employee who is injured on the job and who has a Workmen's Compensation Claim and is unable to perform the work as a result of the injury cannot be discharged.*

6 Kan.App. at 490, 630 P.2d 186 (emphasis supplied).

More recently, in *Rowland v. Val–Agri, Inc.*, 13 Kan.App.2d 149, 766 P.2d 819 (1988), the Kansas Court of Appeals, following *Murphy*, refused to find a cause of action for retaliatory discharge under facts similar to those before us. In *Rowland*, the employer (Val–Agri) had instituted a company policy whereby employees would be terminated after six months consecutive leave for any reason. Five months after Rowland sustained a work-related injury,

he received medical authorization to return to "light duty" and was restricted from climbing and excessive walking. Because the plant had no light duty available, and also because Rowland's previous duties required extensive climbing and lifting, Rowland was unable to return to work. After Rowland had been absent from his employment for over six months, he was notified he would be terminated pursuant to company policy if he did not return. Since Rowland remained unable to return to the type of work he had performed prior to the accident, he was terminated.

After Rowland filed suit claiming retaliatory discharge for having filed his workers' compensation claim, the district court granted Val–Agri's motion for summary judgment reasoning that an employer has no duty to hire or retain an employee who cannot do the work the employer has available. On appeal, the Kansas Court of Appeals affirmed, holding that, as a matter of law, these facts did not support a claim for retaliatory discharge. The court distinguished Rowland from the plaintiffs in *Murphy* and *Coleman* in that (1) Rowland would have been retained had he returned to his employment; (2) the withdrawing of Rowland's workers' compensation claim was not a condition of his reemployment as it had been in *Murphy;* and (3) Rowland was not capable of performing the duties of his job at the time of discharge.

Based upon the holdings of *Murphy* and *Rowland*, we agree with the defendant that Kansas courts would not recognize a tort cause of action for retaliatory discharge under the facts before us. As in *Rowland*, the employment relationship in this case was governed by a neutral company policy (here, a provision in the collective bargaining agreement) which provided for the termination of employees after a specific term of absence from work for any reason.[4] As in *Rowland*, there was no condition that Raymond withdraw his workers'

---

**3.** Under the traditional employment-at-will doctrine, it was held that in the absence of an express or implied contract between an employee and his employer covering the duration of the employment, no action for discharging the employee from service can be maintained against the employer. *See Morriss v. Coleman*

*Co. Inc.*, 241 Kan. 501, 738 P.2d 841 (1987) (tracing the erosion of the employment-at-will doctrine in Kansas).

**4.** Whereas the termination-triggering absence period in *Rowland* was six months, here it is twice as long, or one year. The court notes the

compensation claim as a condition of employment. In addition, it is undisputed that Raymond was unable to return to work at the time of discharge.

We note that Raymond has attempted to distinguish *Rowland* on the basis that, there, the plaintiff's injury rendered him permanently unable to return to his former employment, while here, Raymond became able to resume his employment after a three-year absence. We reject this distinction because, in all retaliatory discharge cases, the relevant time period for purposes of determining whether a cause of action for retaliatory discharge exists is, of course, the time of discharge (the point in time at which the cause of action accrues), not the future point at which the employee attains maximum medical stability. In both cases, it is undisputed that Rowland and Raymond were unable to perform their jobs at the time of discharge.[5]

We also reject plaintiff's reliance on *Pilcher v. Board of County Commissioners of Wyandotte County*, 14 Kan.App.2d 206, 787 P.2d 1204 (1990). Although in *Pilcher* the Court of Appeals recognized that, under the facts of that case, it was error for the district court to fail to instruct the jury that a claim for retaliatory discharge *could be* based on absences for work-related injuries, the court did not address the availability of this tort remedy to an employee who was unable to return to work twelve months after incurring the injury and who was terminated pursuant to a neutral company policy mandating termination after any twelve-month absence.[6]

In sum, because both *Murphy* and *Rowland* indicate that, under Kansas law, em-

ployees are not vested with an absolute guarantee of continued employment merely because an injury was sustained in the course of employment, we must reject plaintiffs' contention that Kansas would not allow *any* attendance policy to be the basis of an employee's termination when the absences are caused by injury compensable under workers' compensation law. Declining to give *Coleman* the broad application urged by plaintiff, we conclude that, under Kansas law, plaintiff has failed to state a cognizable cause of action for retaliatory discharge. Accordingly, we grant defendant's motion.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. # 8) is granted.

---

collective bargaining agreement in the case at bar provided for an additional period of six months leave, if agreed upon by the parties. There is no evidence now before the court to indicate whether Raymond took advantage of this option.

5. Because of our conclusion on this issue, plaintiffs' argument that there exists a question of fact as to the plaintiff's ability to return to work for the employer after he was fully rated and released from medical care is irrelevant.

6. The court further disagrees with plaintiff that allowing a discharge under the facts of this case would "allow employers to arbitrarily set short periods of time for employees to be off or be

terminated." Where an employer terminates an injured employee after only a brief period for recovery has elapsed, courts have generally found the employee has stated a cognizable cause of action. *See, e.g., Horn v. Davis Elec. Constructors, Inc.,* —— S.C. ——, 395 S.E.2d 724 (App.1990) (where employee based prima facie case of retaliatory discharge upon termination occurring ten days after injury, court concluded that employer may discharge employee who is not permanently totally disabled for inability to perform duties for which he was hired, but must afford employee a reasonable period of time after injury to demonstrate that he can return to work).