**Evelyn ROSKOB, Plaintiff,**

v.

**IBP, INC., Defendant.**

**Civ. A. No. 91–1274–MLB.**

United States District Court, D. Kansas.

Jan. 25, 1993.

Jim Lawing, Wichita, KS, for plaintiff.

William H. Dye, Foulston & Siefkin, Wichita, KS, for defendant.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on IBP's motion for summary judgment. (Doc. 21) Roskob filed this diversity action against her former employer, IBP, Inc. (IBP), alleging she had been wrongfully discharged from her employment at IBP in retaliation for intending to file a workers' compensation claim.

IBP is a corporation that operates a meat processing plant in Emporia, Kansas. Roskob applied for employment with IBP on September 26, 1989. She was hired and began employment on October 9, 1989. At all times during her tenure at IBP, Roskob was an at-will employee.

Roskob sustained an injury due to a slip and fall on the job on October 25, 1989. She filled out an employer's accident report the following day to be filed with the Kansas Workers Compensation Director's office. Roskob was released by a physician to work light duty at IBP that same day. While working, she walked slowly with her back bent over and holding her back as if she was in pain.

On October 27, 1989, Roskob was informed that she was assigned to work the next day, a Saturday. Roskob and her daughter, Millisa Madrigal, who also

worked at IBP and resided with Roskob, previously had planned to move their residence from Severy, Kansas to Americus, Kansas that weekend. As Roskob and Madrigal prepared to go to work on October 28, 1989, they discovered Madrigal's truck tire had been slashed and her spare was inoperable. Madrigal called IBP and spoke with her supervisor about the situation. The supervisor told Madrigal, "Okay, don't worry."

Roskob and Madrigal decided to pack up Madrigal's truck and Roskob's car and move some clothing and other items to their new residence that day. Two IBP supervisors observed Roskob as she carried items into her new residence and took photographs. Roskob did not hold her back or limp or otherwise act like she was in pain as she had while working light duty the two previous days.

When Roskob reported to work on Monday, October 30, 1989, she was escorted to a meeting with three IBP supervisors, who questioned her about the events of October 28, 1989. Roskob initially denied she had moved to Americus on Saturday, but after being shown the photographs, Roskob admitted she had moved some items into her new residence that day. She stated she had no difficulty carrying the boxes into the residence because they were not heavy. Roskob testified an IBP supervisor told her if she attempted to obtain workers' compensation benefits, IBP would get her for fraud, she would be thrown in jail, and her daughter would be taken from her.

Roskob's employment with IBP was terminated on October 30, 1989. Roskob filed a claim for workers' compensation benefits in November, 1989. She thereafter filed this wrongful discharge complaint.

IBP employees have filed affidavits stating that Roskob was terminated because she lied about not reporting for work and not because of any workers' compensation considerations.

## STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue of material fact and is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c).[1] "Entry of summary judgment is mandated, against a party who 'fails to make a showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Aldrich Enters., Inc. v. United States,* 938 F.2d 1134, 1138 (10th Cir.1991) (quoting *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552). Once the moving party properly supports its motion, the nonmoving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Devery Implement Co. v. J.I. Case Co.,* 944 F.2d 724, 726 (10th Cir.1991). The court reviews the evidence in a light most favorable to the nonmoving party, *e.g., Washington v. Board of Public Utilities,* 939 F.2d 901, 903 (10th Cir.1991), under the substantive law and the evidentiary burden applicable to the particular claim. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

## DISCUSSION

IBP argues Roskob was an employee-at-will whose employment was terminable at the will of either party at any time. *Johnson v. National Beef Packing Co.,* 220 Kan. 52, 54, 551 P.2d 779 (1976). Roskob, on the other hand, argues her discharge falls within an exception to the employment-at-will doctrine.

In *Murphy v. City of Topeka,* 6 Kan. App.2d 488, 630 P.2d 186 (1981), the Kansas Court of Appeals held an employee-at-will discharged in retaliation for filing a

---

**1.** IBP contends in its reply brief that Roskob has failed to comply with Local Rule 206, which governs the format and contents of a memorandum in opposition to a motion for summary judgment. The court agrees with IBP's contention. The court will therefore deem admitted IBP's statement of material facts.

claim under the Workers' Compensation Act could maintain a cause of action in tort against the employer for wrongful discharge. *Id.* at 495–96, 630 P.2d 186. *Murphy* has been extended to cover situations where the employee claims he or she was injured on the job, the employer knew that the employee intended to filed a workers' compensation claim, and the employee was discharged in retaliation. *Chrisman v. Philips Industries, Inc.,* 242 Kan. 772, 775, 751 P.2d 140 (1988).

■ Roskob's legal theory falls within the *Chrisman* exception to the employment-at-will doctrine. The court must decide whether Roskob has sufficiently alleged a nexus between her discharge and her intent[2] to exercise her rights under the Workers' Compensation Act. *Brown v. United Methodist Homes for the Aged,* 249 Kan. 124, 145, 815 P.2d 72 (1991). Roskob has the burden to prove her retaliatory discharge claim by clear and convincing evidence. *See Palmer v. Brown,* 242 Kan. 893, 900, 752 P.2d 685 (1988) (employee who alleges retaliatory discharge for whistleblowing has burden of proving their claim by clear and convincing evidence); *Pilcher v. Board of Wyandotte County Comm'rs,* 14 Kan.App.2d 206, 214, 787 P.2d 1204, *rev. denied* 246 Kan. 768 (1990).

■ The only evidence Roskob offers to support her allegation that she was discharged in retaliation is her testimony about the statements of IBP supervisors concerning workers' compensation fraud. This evidence, viewed in the light most favorable to Roskob, is that a supervisory employee told her she could get in trouble for workers' compensation fraud. Roskob does not claim that the employee threatened to terminate her because of her injury or for any reason related to workers' compensation.

On the other hand, IBP has produced evidence that Roskob falsified her reason for being absent from work on October 28, 1989. Roskob's daughter informed IBP that she and Roskob were unable to make

it to work due to transportation problems, but IBP supervisors observed and took photographs of Roskob carrying boxes and moving items of clothing into her new residence later that morning. Roskob does not challenge IBP's version of events on October 28, 1989. She also does not challenge IBP's averments that its written policies and procedures provide that falsification of reasons for absence will result in discipline up to and including discharge.

According to *Anderson,* the court is to inquire "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512. The court believes, in light of the uncontroverted evidence that Roskob was observed moving into her new residence after informing IBP that she was unable to come to work because of transportation problems and that when confronted she initially lied until shown photographic evidence, that no reasonable juror could find by clear and convincing evidence that Roskob was discharged in retaliation for intending to file a workers' compensation claim.

Accordingly, IBP's motion (Doc. 21) for summary judgment is granted.

IT IS SO ORDERED.

---

**2.** The only evidence that Roskob intended to file a claim is the fact that she filled out an employer's report of accident form. Filling out a form is not equivalent to filing a claim. However, for purposes of the motion, the court will assume that Roskob intended to file a claim.