**Brenda K. LYDEN, Plaintiff,**

v.

**HILL'S PET NUTRITION, INC., Defendant.**

**Civ. A. No. 95–4010–DES.**

United States District Court, D. Kansas.

Nov. 22, 1995.

David O. Alegria, McCullough, Wareheim & La Bunker, P.A., Topeka, KS, for plaintiff.

Marta Fisher Linenberger, Arthur E. Palmer, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Hill's Pet Nutrition, Inc., Colgate–Palmolive Company.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the defendant's motion for summary judgment (Doc. 34).

### I. BACKGROUND

The plaintiff, Brenda K. Lyden, began her employment with the defendant, Hill's Pet Nutrition, Inc. ("Hill's"), on December 11, 1989. Ms. Lyden worked as a dietary management consultant. Her job involved responding to inquiries about Hill's products, and recording information pertaining to her contacts with customers.

In September 1991, Ms. Lyden fell at work and injured her back, leg, and neck. The plaintiff consulted a doctor about her injury, and was absent from work on approximately two occasions to attend doctor's appointments. In May 1992, the plaintiff was diagnosed as suffering from carpal tunnel syndrome in her wrist. The plaintiff began taking time off from work for this injury beginning in July 1992. Ms. Lyden filed workers' compensation claims for these injuries.

Hill's terminated the plaintiff's employment on January 15, 1993. Ms. Lyden alleges that Hill's acted in retaliation for her exercising her rights under the Kansas Workers' Compensation Act, Kan.Stat.Ann. §§ 44–501 to –5,125.

### II. DISCUSSION

A court shall render summary judgment upon a showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). Rule 56 provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1985). The substantive law identifies which facts are material. *Id.* at 248, 106 S.Ct. at 2510. A dispute over a material fact is genuine when the evidence is such that a reasonable jury could find for the nonmovant. *Id.* "Only disputes over facts that might properly affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

A court must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence. *See, e.g., United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986) (stating that "[t]he court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues"). The court's function is not to weigh the evidence, but merely to determine whether there is sufficient evidence favoring the nonmovant for a finder of fact to return a verdict in that party's favor. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. Essentially, the court performs the threshold inquiry of determining whether a trial is necessary. *Id.* at 250, 106 S.Ct. at 2511.

#### 1. *Plaintiff's retaliatory discharge claim*

██ Kansas generally follows the employment at will doctrine. Under this doctrine, absent a contract to the contrary, a person's employment is considered terminable at the will of either the employer or the employee. *Johnson v. National Beef Packing Co.*, 220 Kan. 52, 551 P.2d 779, 781 (1976). Kansas recognizes, however, certain exceptions to the general rule of employment at will. One such exception prohibits employers from discharging employees for exercising their rights under the Worker's Compensation Act. *Murphy v. City of Topeka*, 6 Kan.App.2d 488, 630 P.2d 186, 193 (1981). The cause of action for retaliatory discharge extends to employees who are fired for being absent as the result of work-related injuries. *Ortega v. IBP, Inc.*, 1994 WL 373887, at *6 (D.Kan. July 1, 1994). An employer may, however, discharge an injured employee pursuant to a neutral attendance policy. *Raymond v. Archer Daniels Midland Co.*, 762 F.Supp. 901, 904–05 (D.Kan.1991).

██ In order to establish a prima facie case of retaliatory discharge, a plaintiff must

show that (1) she filed a claim for workers' compensation benefits, or sustained an injury for which she might assert a claim for such benefits; (2) her employer had knowledge of the claim, or of the fact that she had sustained a work-related injury for which she might file a claim; (3) her employer terminated her employment; and (4) a causal connection existed between the protected activity or injury and the termination. *Ortega,* 1994 WL 373887, at *6.

Once a plaintiff presents a prima facie case, the burden of production shifts to the employer to rebut the inference that its motives in discharging the plaintiff were retaliatory. *Id.* at *7. The defendant must articulate a legitimate, non-retaliatory reason for the plaintiff's discharge. *Id.* If the defendant succeeds in rebutting the prima facie case, the plaintiff must continue with the burden by proving by clear and convincing evidence that her employer acted with retaliatory intent. *See St. Mary's Honor Ctr. v. Hicks,* —— U.S. ——, ——, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993).

The dispute in this case centers around the fourth element of retaliatory discharge, i.e., whether there exists a causal connection between the plaintiff's work injuries and/or workers' compensation claims, and the termination of Ms. Lyden's employment. In Count I of her complaint, the plaintiff contends that she was fired because of her work injuries, and her need to be absent from work to receive treatment for these injuries. Hill's counters that it discharged Ms. Lyden for poor job performance. The critical issue, therefore, is whether Hill's acted with retaliatory intent when it terminated the plaintiff's employment.

An employer will rarely admit to retaliatory motives in firing an employee. Retaliatory discharge cases, therefore, must generally be proven by circumstantial evidence. *See Chaparro v. IBP, Inc.,* 873 F.Supp. 1465, 1472 (D.Kan.1995). Here, the defendant points to the plaintiff's performance appraisals as evidence that it terminated the plaintiff's employment because of poor performance. In January 1991, Ms.

Lyden's evaluation indicated that the plaintiff "need[ed] improvement" in two of six different job requirements, but assigned the plaintiff an overall rating of "competent." In April 1991, when Hill's placed Ms. Lyden on a thirty-day suspension, the plaintiff was evaluated as needing improvement in four of the six rated areas, and was rated "needs improvement" overall. The April 1991 evaluation and probation are significant, in that the plaintiff had not yet incurred any work injury at that time.

The plaintiff received her worst evaluations, however, after her May 1992 injury. In December 1992, the plaintiff was rated as "needs improvement" in all six categories evaluated, and was again placed on probation. During the plaintiff's probation, Hill's monitored the plaintiff's phone conversations with customers. Hill's terminated the plaintiff on January 15, 1993, after recording conversations in which the plaintiff allegedly provided incorrect information to callers.

Notwithstanding the defendant's articulated non-retaliatory reasons for discharging the plaintiff, Ms. Lyden has presented sufficient evidence of a clear and convincing nature to raise the issue of a causal connection between her work injuries and her discharge. The plaintiff testified in her deposition to several incidents which indicate a retaliatory intent. Ms. Lyden claimed that she was reprimanded for being off work with her wrist injury, and that Hill's refused to follow her physician's prescription for light duty. The plaintiff also testified that her supervisor warned her that her December 13, 1992, performance evaluation would contain an unsatisfactory rating, because of upper management's desire to get rid of the plaintiff because of her medical problems.

The record contains corroboration of the plaintiff's deposition testimony. The plaintiff's medical records indicate that in October 1992, the plaintiff told her physician, Dr. Doug Frye, that her supervisor was "harassing" her and requiring her to operate a keyboard up to eight hours per day, in contravention of Dr. Frye's recommendation that the plaintiff key no more than two hours per day. Furthermore, Linda Hendrickson, who worked as an Information Resource Systems

and Technology Consultant for Hill's while Ms. Lyden was employed by the defendant, stated in an affidavit that she attended staff meetings in which the plaintiff's work injuries and need for time off from work for treatment were discussed. Ms. Hendrickson stated that the plaintiff's supervisors "were planning to find reasons to get rid of" Ms. Lyden.

■ Proximity in time between the employer's knowledge of its employee's injury, and the employer's adverse actions against the employee, strengthens the inference of retaliatory motive. *Chaparro,* 873 F.Supp. at 1473; *see also Hill v. IBP, Inc.,* 881 F.Supp. 521, 525 (D.Kan.1995); *Marinhagen v. Boster, Inc.,* 17 Kan.App.2d 532, 840 P.2d 534, 540 (1992). The plaintiff in this case began work for Hill's in December 1989. She was diagnosed with carpal tunnel syndrome in May 1992, and began missing work due to this injury in July 1992. Hill's placed the plaintiff on probation in December 1992, and discharged the plaintiff in January 1993. Because Hill's terminated Ms. Lyden's employment relatively soon after the plaintiff began receiving treatment for her injury, a reasonable jury might infer that there existed a causal connection between the plaintiff's injury and her discharge.

■ Where the plaintiff must prove the defendant's intent by circumstantial evidence, summary judgment is rarely appropriate. *Marinhagen,* 840 P.2d at 540. The retaliatory discharge cases cited by Hill's in which the court granted the defendant's motion for summary judgment are distinguishable from the instant case.

In *Malek v. Martin Marietta Corp.,* 859 F.Supp. 458 (D.Kan.1994), the defendant closed the plant at which the plaintiff worked while the plaintiff was on medical leave. *Id.* at 465. The plaintiff's position was eliminated as a result of the plant closing. *Id.* at 463. In that case, the defendant was clearly motivated by economic, rather than retaliatory reasons, when it terminated the plaintiff's employment. In *Koopman v. Water Dist. No. 1,* 972 F.2d 1160 (10th Cir.1992), the plaintiff did not present evidence that he had put his employer on notice of his work injury. *Id.* at 1164. The plaintiff in *Koopman* there-

fore failed to satisfy the third element of retaliatory discharge, and thus the court did not reach the question of whether the employer acted with retaliatory intent when it fired the plaintiff. *Id.*

In other cases cited by the defendant, the plaintiff's employment was terminated due to the plaintiff's violation of a neutral attendance policy. *See Ortega,* 1994 WL 373887 (plaintiff failed to report to work after receiving medical release); *Rosas v. IBP, Inc.,* 869 F.Supp. 912 (D.Kan.1994) (plaintiff discharged where unable to return to work after fourteen months leave); *Madrigal v. IBP, Inc.,* 811 F.Supp. 612 (D.Kan.1993), *aff'd,* 21 F.3d 1121 (10th Cir.1994) and *Roskob v. IBP, Inc.,* 810 F.Supp. 1229 (D.Kan.1993), *aff'd,* 21 F.3d 1121 (10th Cir.1994) (plaintiff lied about reason for being absent from work); *Raymond v. Archer Daniels Midland Co.,* 762 F.Supp. 901 (D.Kan.1991) (plaintiff's employment terminated under company policy permitting discharge for absences in excess of twelve months). Discharging an employee for violation of an attendance policy, however, is a less subjective reason than that offered by the defendant in this case. The determination of whether Hill's discharged the plaintiff for poor job performance, or in retaliation for her work injuries, requires greater scrutiny of the employer's intent. Because there is a genuine issue as to whether Hill's discharged Ms. Lyden in retaliation for her work injuries, summary judgment as to the plaintiff's retaliatory discharge claim is denied.

### 2. *Plaintiff's punitive damages claim*

■ Section 60–3702(c) of the Kansas statutes provides that "[i]n any civil action where claims for exemplary or punitive damages are included, the plaintiff shall have the burden of proving, by clear and convincing evidence in the initial phase of the trial, that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud or malice." Kan.Stat.Ann. § 60–3702(c) is substantive law, and therefore applicable in diversity cases. *Whittenburg v. L.J. Holding Co.,* 830 F.Supp. 557, 565 n. 9 (D.Kan.1993).

348

In Count II of her complaint, the plaintiff seeks punitive damages from the defendant, alleging that the defendant's retaliatory conduct was oppressive, malicious, and fraudulent. Hill's argues that the plaintiff has presented no evidence of willful, wanton, or malicious behavior on the part of the defendant. Specifically, Hill's maintains that the plaintiff's deposition testimony fails to reflect any intentional conduct by the defendant which would qualify as willful, wanton, or malicious under Kan.Stat.Ann. § 60–3702(c).

Contrary to the defendant's assertions, the court finds that the plaintiff's deposition testimony describes conduct on the part of the defendant that a reasonable jury could find willful, wanton, or malicious. The plaintiff alleges that Elizabeth Hodgkins, the head of the department in which the plaintiff worked, cursed at her and accused her of being a burden to the department. The plaintiff also claims that Kathy Davis, another supervisor at Hill's, presented the plaintiff with a doctor's statement which indicated that the doctor's work restrictions for the plaintiff were being followed. The plaintiff states that because the restrictions were not being followed, she refused to sign the statement. According to the plaintiff, Ms. Davis grabbed her at this point, cursed at her, and told her to sign the paper. In light of these allegations, the court finds that there exist material issues of fact as to whether punitive damages would be appropriate in this case, and therefore denies the defendant's motion for summary judgment on Count II of the plaintiff's complaint.

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's motion for summary judgment (Doc. 34) is denied.