**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 13 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LINDA C. ADLER,

      Plaintiff-Appellant,

v.

CONTINENTAL INSURANCE
COMPANY,

      Defendant-Appellee.

No. 96-3396
(D.C. No. 95-CV-2282)
(D. Kan.)

ORDER AND JUDGMENT *

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Linda C. Adler brought suit against her former employer, initially asserting claims under Title VII of the Civil Rights Act of 1964 and the False Claims Act, and two state law claims: breach of employment contract and retaliation for alleged whistle-blowing activities. After defendant filed a motion for summary judgment on all four claims, Adler moved to dismiss her Title VII and state employment contract claims. The district court granted plaintiff's motion to dismiss these two claims, and granted summary judgment for defendant on the remaining two claims. Adler now appeals from that portion of the district court's order granting summary judgment to defendant on her False Claims Act claim and her state law retaliation claim. The essence of Adler's claims is that she was discharged from her employment in retaliation for her alleged whistle-blowing activities regarding fraudulent crop insurance claims submitted to defendant and backed by the federal government through the Federal Crop Insurance Corporation.

Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, applying the same standard as the district court, pursuant to Fed. R. Civ. P. 56(c). See Kaul v. Stephan , 83 F.3d 1208, 1212 (10th Cir. 1996). In so doing, we review the factual record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party, here the appellant. See id.

On appeal, Adler contends the district court erred in concluding that her state law retaliation claim was precluded by the availability of a federal remedy under the False Claims Act, and that it wrongly relied on Polson v. Davis, 895 F.2d 705 (10th Cir. 1990), in that analysis. However, our review of the district court's order belies Adler's contentions. The district court expressly declined to address whether Adler's state law retaliation claim was precluded by an adequate remedy under the False Claims Act. Rec. Vol. II at 490 n.5. Instead, the court granted summary judgment on that claim based on its conclusions that Adler's allegations of retaliation did not implicate Kansas public policy but, rather, federal policy, and, citing Anco Constr. Co. v. Freeman, 693 P.2d 1183, 1186 (1985), that no state law retaliatory discharge claim is pled when the discharge is an alleged violation of federal public policy. Id. at 490-494. Adler does not challenge this ruling. Because the district court did not address the point Adler argues on appeal, we decline to consider those arguments. See Workman v. Jordan, 958 F.2d 332, 337 (10th Cir. 1992); R. Eric Peterson Constr. Co. v. Quintek, Inc. (In re R. Eric Peterson Constr. Co.), 951 F.2d 1175, 1182 (10th Cir.1991).

As to Adler's claim of retaliatory discharge under the False Claims Act, she argues on appeal that the district court wrongly granted summary judgment because issues of fact exist which should be decided by a jury. She contends that

a jury could choose to believe that her alleged whistle-blowing activities were a factor in her discharge. However, the district court noted that there exists no record evidence that the two persons who made the decision to terminate Adler had knowledge of her alleged whistle-blowing activities prior to their decision to discharge her. Rec. Vol. II at 476, 488. Aside from conclusory statements that she has presented sufficient evidence for the question to go to a jury, Adler does not challenge or controvert the district court's statement regarding the lack of evidence on this point. Accordingly, we agree with the district court that no genuine issue of material fact exists on that point, and that defendant is entitled to judgment as a matter of law on this claim.

Finally, Adler contends that the district court erred in declining to certify the issue whether the availability of an alternative remedy precludes a retaliatory discharge claim under Kansas law. We review the district court's decision whether to certify a question to the state supreme court for an abuse of discretion. See Allstate Ins. Co. v. Brown, 920 F.2d 664, 667 (10th Cir. 1990). Because, as noted above, the district court did not address this issue, we see no abuse of discretion in its decision not to certify the question.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge